ALLEN HENDERSON, Plaintiff

v.

MICHAEL B. RESEVIC, Defendant

# Civil No. 106-1966

# District Court of the Virgin Islands

Div. of St. Croix

# January 11, 1967

*See, also, 262 F.Supp. 36*

JAMES and HODGE (WINSTON HODGE, of counsel), Christiansted, St. Croix, Virgin Islands, *for defendant-apellant*

A. CUYLER TEN EYCK, ESQ., Christiansted, St. Croix, Virgin Islands, *for plaintiff-appellee*

GORDON, *District Judge*

This case is an appeal from the Municipal Court decision awarding judgment of possession to the plaintiff-appellee, decided on July 28, 1966.

The sole issue presented is whether the defendant-appellant may, based upon the facts of this case, invoke the Doctrine of Part Performance so as to remove the contract from the Statute of Frauds.

Appellant cites the case of Florence Lustig Crossman a/k/a Florence Lustig, trading and d/b/a Florence Lustig v. Fontainebleau Hotel Corp. (1959), 273 F.2d 720. It is important to review the facts of that case. These are, as set forth in that decision, as follows:

"January 1955, about a month after the Fontainbleau Hotel opened, Florence Lustig and her husband, Crossman, who was also her manager, were staying at the hotel. They were approached by a Mr. Ben Jaffe, an officer, director, and large stockholder of the hotel, who was handling the leasing of store space in the hotel. Jaffe told Lustig that the lower lobby, where all of the shops were to be located, had not been completed and that the management was anxious to have tenants in promptly; it was the height of the season in Florida. Jaffe, Lustig, and Crossman agreed orally on the terms of a lease. Then, in order to expedite the opening of the shopping area in the Fontainebleau, so that the hotel guests would have the benefit of complete facilities, at Jaffe's request Lustig agreed to move in immediately and to take possession of the premises for the operation of a fine dress shop before formal execution of any lease. Based on the oral agreement and on Jaffe's assurances that all would be satisfactory Lustig took possession of the premises. Using the hotel's architect and general contractor, she spent $50,000 on fixtures and improvements a part of which was not removable. To bind the transaction Lustig gave the hotel $5,000 as a good faith deposit, an amount still held by the hotel. After Lustig commenced construction of the improvements, the hotel presented a lease that allegedly was not in accordance with the original understanding of the parties. Lustig, through her husband, Crossman, and the hotel, through Jaffe, made pencilled corrections in the lease to reflect the original understanding. All of these changes were approved by Jaffe and Crossman. Jaffe then stated that the lease would be redelivered to the hotel's attorneys to be redrafted in accordance with the pencil notations. No redrafted lease was ever submitted to Lustig."

The 5th Circuit Court of Appeals found in plaintiff's favor in that case.

That case is distinguished from the present case upon the facts. In the Crossman case the facts show that the defendant encouraged the plaintiff to make the improvements prior to the written lease and the plaintiff did so in reliance upon the oral lease. In this case the Findings of Fact of the Municipal Court are that the *plaintiff* "has *at all times insisted* that *before any construction* commenced that a *lease must be signed* and *plans and specifications must be approved* by the landlord." (Emphasis supplied.) The Municipal Court also made of Findings of Fact that "The defendant has failed to sign a lease for the premises although often requested to do so by the plaintiff before, during and after construction of improvements."

 The Doctrine of Part Performance may be invoked to prevent an inequity to a party to an oral lease whereby acquiescence or inducement of the other party the relying party has made improvements or otherwise acted to his detriment based upon the oral lease.

"The true basis of the doctrine of part performance, according to the overwhelming weight of authority, is that it would be a fraud upon the plaintiff if the defendant were permitted to escape performance of his part of the oral agreement after he has permitted the plaintiff to perform in reliance upon the agreement." 49 Am. Jur. Statute of Frauds § 421.

"One who has permitted another to perform acts or expend large amounts of money on the faith of a parol agreement, or who accepts the benefit of the other's part performance, for which the party performing cannot be adequately compensated in damages, is not permitted to assert the statute of frauds to invalidate the agreement." 49 Am. Jur. Statute of Frauds § 421.

"The prerequisite to the application of the doctrine that the acts relied upon as part performance must have been done in pursuance of the contract and be referable thereto is intended not to assure the probative value of the acts as evidence of the oral contract, but to show that the plaintiff relied upon the agreement and upon

199

the defendant's inducement or acquiescence." 49 Am. Jur. Statute of Frauds § 442.

"Part performance takes the case out of the statute not because it furnishes proof of the contract, or because it makes the contract any stronger, but because it would be intolerable in equity for the owner of a tract of land knowingly to suffer another to invest time, labor, and money in that land, upon the faith of a contract which did not exist. As hereinbefore observed, the doctrine is based on the prevention of fraud. It operates to accomplish that purpose on the theory of an estoppel, . . ." 49 Am. Jur. Statute of Frauds § 442.

"The plaintiff must be able to show such acts and conduct of the defendant as the court would hold to amount to a representation that he proposed to stand by his agreement and not avail himself of the statute to escape its performance; and also that the plaintiff, in reliance on this representation, has proceeded, either in performance or pursuance of his contract, so far to alter his position as to incur an unjust and unconscientious injury and loss, in case the defendant is permitted after all to rely upon the statutory defense." 49 Am. Jur. Statute of Frauds § 427.

"Since the basis of the doctrine of part performance is fraud or inequitable conduct on the part of the person sought to be charged on the oral contract, it is well settled that the acts or part performance by the plaintiff, in order to entitle him to the enforcement of an oral contract, must have been performed with the knowledge and consent or acquiescence of the defendant." 49 Am. Jur. Statute of Frauds § 432.

"In order to constitute part performance, the improvements must be made with the knowledge and consent or acquiescence of the vendor." 49 Am. Jur. Statute of Frauds § 451.

"The improvements must be made with the knowledge and consent or acquiescence of the vendor." 101 A.L.R. 1067.

██ It is quite clear that the Doctrine of Part Performance is utilized to prevent an inequity to a person who is induced or by acquiescence permitted to rely upon an oral agreement which agreement would normally be voided by the Statute of Frauds.

"Bargain City assumed exclusive possession and expended a large sum of money in effecting permanent improvements on the land without the semblance of a complaint or objection from the

200

plaintiff. Under such circumstances, the Statute of Frauds may not now be asserted." Ridley Park Shopping Center, Inc. v. Sun Ray Drug Company, Leslie's of Ridley, Inc., Bargain City, U.S.A., Inc. 180 A.2d 1 (1962).

In this case (as contrasted to the Crossman case, supra) the defendant was not induced by the plaintiff to construct the building prior to the execution of a written lease nor did plaintiff acquiesce in the construction prior to a written lease. In fact the Findings of Fact of the Municipal Court are quite to the contrary. According to those Findings of Fact in spite of plaintiff's insistence that no construction be commenced without the written lease being first signed and the plans and specifications approved, the defendant proceeded nevertheless to construct a building on plaintiff's land. Under these facts defendant is not in a position to receive the invocation of the Equitable Doctrine of Part Performance. Part of the Court's opinion in Armstrong v. Burkett, 177 P. 333, on the subject is as follows:

"Defendant is charged with the knowledge that her lease was oral and subject to forfeiture from month to month, and that she might have provided against such consequence by insisting upon a sufficient contract.

If one who enters into possession of business property can keep possession indefinitely by fitting the premises to the uses and convenience of his particular business, by paying his rent, and by the purchase of goods to meet anticipated trade, possession once obtained would be better than any written lease, for the lessee could continue possession at his own will at the rent first stipulated, and unhampered by the usual covenants and conditions of a written lease." Armstrong v. Burkett, 177 P. 333.

The judgment of the Municipal Court is affirmed with costs to plaintiff-appellee.