**HECTOR CINTRON**

v.

**A. G. ANDREWS and CLARA ALOYO and DAPHNE M. ANDREWS**

Civil No. 98-1965

District Court of the Virgin Islands

Div. of St. Croix

Christiansted Jurisdiction

May 2, 1969

RUSSELL B. JOHNSON, ESQ., Christiansted, St. Croix, Virgin Islands, *for plaintiff*

YOUNG, ISHERWOOD, GIBBS & CARNEY, ESQS. (JAMES H. ISHERWOOD, ESQ., of counsel), Christiansted, St. Croix, Virgin Islands, *for defendant Aloyo*

JOHN D. MARSH, ESQ., Christiansted, St. Croix, Virgin Islands, *for defendant Andrews*

MARIS, *Circuit Judge*

### OPINION INCLUDING FINDINGS OF FACT AND CONCLUSIONS OF LAW

MARIS, *Circuit Judge*

This is a suit brought by Hector Cintron, the plaintiff, against A. G. Andrews, the defendant, for the specific enforcement of an alleged agreement for the sale by the defendant to the plaintiff of Plot 2B of Estate Concordia, Queens Quarter, St. Croix. The following is the paper sued on:

"April 2, 1965

"The undersigned hereby acknowledges receipt of the sum of Five Thousand Dollars ($5,000) as a deposit for the purchase of the following described premises, to wit:

318

Parcel No. 2
Subdivided Plot No. 2B
Five (5) U.S. Acres
Estate Concordia
Christiansted, St. Croix, U.S. Virgin Islands

The total purchase price of the said premises is Thirty Thousand Dollars ($30,000); the balance to be paid by a second mortgage upon the above described premises payable in five years with five thousand payable yearly and at the rate of six percent per annum interest payable yearly, upon the unpaid balance.

Title is to pass on or before sixty days from the date hereof. Witness my hand and seal the day and year above written.

A. G. Andrews
[Signed]
A. G. ANDREWS

WITNESSES:
[signed] E. J. Ocean
[signed] J. B. Nichols"

The foregoing receipt and agreement was drafted and typed at the request of the parties by a law clerk in the office of the plaintiff's attorney in the absence of the latter and his typist. I find that so far as it goes it reflects the intent and agreement of the parties at the time. However, in addition to what is written in the agreement it was understood that the plaintiff, who contemporaneously gave the defendant $5,000 in cash and to whom the receipt and agreement was given, was the purchaser and that he intended to apply to the Bank of Nova Scotia for a first mortgage loan of $10,000 or $15,000, out of which, if obtained, he would pay the defendant $5,000 or $10,000, depending on the amount of the loan, and give him the second mortgage referred to in the agreement for the remaining balance of the purchase price of $30,000.

Later on April 2, 1965, after talking with his wife the defendant decided that the deposit of $5,000 was insuffi-

cient and that he should have $10,000. He accordingly returned the same afternoon to the plaintiff's attorney's office and attempted without success to return the deposit of $5,000. Subsequent efforts by counsel for the parties to adjust their differences with respect to the additional deposit claimed by the defendant met with no success nor likewise did the defendant's efforts to return the $5,000 deposited with him by the plaintiff on April 2, 1965.

The plaintiff was not successful in obtaining a first mortgage loan from the Bank of Nova Scotia and on July 13, 1965 his attorney tendered to the defendant a mortgage for $25,000 executed by the plaintiff under date of April 2, 1965, payable in five annual instalments of $5,000 each, and requested a deed from the defendant. On the same day the attorney for the defendant returned the mortgage to the plaintiff's attorney and notified him that the defendant "hereby rescinds his offer to sell said Plot 2B as aforesaid." On the next day this suit for specific performance was instituted by the plaintiff. On April 15, 1966 the plaintiff deposited in the registry of this court $5,300, $5,000 being the instalment of principal and $300 one year's interest due under the tendered mortgage.

Meanwhile on June 24, 1965 the defendant and his wife Daphne M. Andrews signed an agreement prepared by himself without the aid of counsel for the sale of Plot 2B of Estate Concordia to Clara Aloyo, as follows:

"AGREEMENT made this 24th day of June 165 [sic], by and between ALPHONSO G. ANDREWS and DAPHNE M. ANDREWS, his wife, of Christiansted St. Croix (hereinafter referred to as 'Sellers') and CLARA ALOJO of Christiansted, St. Croix, (hereinafter referred to as 'Buyer')

WHEREIN IT IS AGREED AS FOLLOWS:

*Property Description.* Seller will convey to Buyer and Buyer will purchase from Sellers upon the terms and conditions hereinafter stated, the following described real property situated on St. Croix, Virgin Islands of the United States, to wit: —

Plot #2B containing 5.00 U.S. Acres as shown and described on Public Works Drawing #1554, dated April 23, 1964, entitled 'Survey Map of Division of Par. #2 & 2a of Estate Concordia, Queens Quarter, St. Croix, V.I.'

TOGETHER WITH all the tenements, hereditaments and appurtenances thereto.

*Price.* Purchase price is TWENTY–SIX THOUSAND TWO HUNDRED FIFTY ($26,250.00) Dollars of which SEVEN THOUSAND SIX HUNDRED TWELVE ($7,612.00) Dollars will be paid upon signing of this indenture. The balance of EIGHTEEN THOUSAND SIX HUNDRED THIRTY–SEVEN & 50/100 (18,637.50) Dollars shall be paid in the following manner:

The first installment to become due and payable January 1, 1966; thereafter installment to be paid quarterly, beginning March 31, 1966, in equal parts of $1,164.84 for a period of four years.

*Payment.* Payment shall be made in lawful currency or by certified check in Christiansted, St. Croix, V.I., to Sellers personally, or through the local Post Office; with the privilage [sic.] in the Buyer to prepay any or all of the principal or interest at anytime without penalty. Until the balance due has been paid in full, the aforesaid balance to be paid hereunder shall constitute a first priority lien and encumbrance against the premises herein conveyed, and by these presents do hereby grant, bargain, sell and convey unto the said CLARA ALOJO, her heirs and assigns forever that certain plot of land, with any and all improvements thereon, situate, lying and being in Christiansted, St. Croix, Virgin Islands; BUT SHALL NOT dispose of, sell, lease or convey to another party without the written consent of the Sellers.

That a deed of conveyance warranting the premises to be free and clear of all liens and other standard warranties of a warranty deed.

The convenants and agreements herein contained shall be binding upon and inure to the benefit of the parties hereto and upon and to their respective Administrators, Executors, Heirs, Successors and Assigns.

IN WITNESS WHEREOF, the parties have duly executed this instrument as of the day and year first above written.

. . ."

Plot 2B referred to in the foregoing agreement is the same plot which is the subject of the receipt and agreement of April 2, 1965 between the plaintiff and defendant. At the time the agreement of June 24, 1965 was signed Clara Aloyo did not know of the agreement between the plaintiff and defendant relating to Plot 2B and did not learn of it until informed by the plaintiff on July 12, 1965. Clara Aloyo has made all the payments to the defendant required of her under the agreement of June 24, 1965. Neither that agreement nor the receipt and agreement of April 2, 1965 have been recorded and no deed of conveyance has been executed by the defendant to either Clara Aloyo or the plaintiff.

Plot 2B of Estate Concordia, Queens Quarter, had a fair market value of $26,250 in April 1965. At the present time its value is upwards of $54,000.

In view of the apparent interest in Plot 2B of Daphne M. Andrews and Clara Aloyo, the plaintiff by amended complaint filed with leave of court brought them into the suit as additional defendants. Since it appeared at trial that Daphne M. Andrews claimed no interest in the plot, I announced that she would be dismissed out of the action and the judgment to be entered will so provide.

The questions presented on these facts are, first, whether the receipt and agreement of April 2, 1965 evidences a valid agreement of sale binding on the defendant which is capable of specific enforcement and, second, if so, whether the plaintiff is entitled to specific performance in view of the agreement of June 24, 1965 between the defendant and Clara Aloyo.

I have found from the evidence, which was sharply conflicting, that the paper of April 2, 1965 reflects, so far as it goes, the agreement into which the parties entered at the time it was signed for the sale and conveyance of Plot 2B. True, that agreement contemplated that

322

the plaintiff might obtain a first mortgage loan a portion of which he would pay to the defendant on account of the purchase price of $30,000 and this was not spelled out in the paper although it does mention a second mortgage to secure the balance of the purchase price. I am clear, however, that the paper was a sufficient note or memorandum in writing under the Statute of Frauds, 28 V.I.C. § 242, to charge its signer, the defendant, with an enforceable obligation to convey to the plaintiff the plot in question upon payment of the deposit of $5,000, which the plaintiff paid, and the execution and delivery of a mortgage to secure the balance of the purchase price, which the plaintiff executed as of April 2, 1965 and tendered on July 13, 1965. I am satisfied that this tender was not untimely. For the period of 60 days fixed for passing title does not appear to have been regarded as of the essence since it was not until after the tender of the mortgage on July 13th that the plaintiff was informed by the defendant that he "hereby rescinds his offer". This certainly indicates that the defendant regarded the matter as still open up to that time. And in any event the defendant had made it quite clear prior to the end of the 60 days that he did not propose to go through with the sale. I conclude, therefore, that the plaintiff, having paid or tendered full performance on his part, is entitled to specific performance, unless the defendant, by his transaction with Clara Aloyo, has made specific performance inequitable as to her.

██ It is well settled that in the absence of estoppel or other special circumstances, under the rule that as between equal equities the older must prevail, a purchaser under a contract of sale who has not acquired the legal title by conveyance, takes subject to the rights of a prior purchaser under a contract with the same vendor, although he has no notice of the prior contract. 92 C.J.S. Vendor & Purchaser § 304, 55 Am. Jur. Vendor and Pur-

chaser § 678. This both the defendant and Clara Aloyo concede, but they rely upon the equally well settled rule that the equitable title of a purchaser under a contract of sale is subordinate to the claim of a bona fide purchaser to whom the property has been conveyed for value. Under this rule a purchaser who receives a conveyance of the property without notice of a prior contract of sale takes the land free of all claims of the holder of the prior equity. 92 C.J.S. Vendor & Purchaser § 363; 55 Am. Jur. Vendor and Purchaser § 680. The contention of the defendant and Clara Aloyo is that the agreement between the defendant and wife and Clara Aloyo dated June 24, 1965 operated as a conveyance of the land and not merely a contract to sell it. If this is so the plaintiff might not be entitled to specific performance, even though he might be entitled to damages from the defendant, since the conveyance to Clara Aloyo might well be binding on him.

█ I conclude, however, that the agreement of June 24, 1965 was not a conveyance but merely an agreement to sell and convey in the future. Prepared as it was by a layman without the assistance of counsel it is most inartistically and ambiguously drawn. But considering the document as a whole I am satisfied that it was intended to be an agreement of sale and not a present transfer of title. The opening paragraph is sufficiently clear as to this: "Seller will convey to Buyer and Buyer will purchase from Sellers upon the terms and conditions hereinafter stated, the following described real property situated on St. Croix, Virgin Islands of the United States, to wit:— Plot #2B ...." It is true that the document contains in its third paragraph the sentence "Until the balance due has been paid in full, the aforesaid balance to be paid hereunder shall constitute a first priority lien and encumbrance against the premises herein conveyed, and by these presents do hereby grant, bargain, sell and convey unto the said

CLARA OLOJO, her heirs and assigns forever that certain plot of land, with any and all improvements thereon, situate, lying and being in Christiansted, St. Croix, Virgin Islands; BUT SHALL NOT dispose of, sell, lease or convey to another party without the written consent of the Sellers." But while this jumbled assemblage of legal phrases, which it would be impossible to parse, does include words of conveyance it is neutralized by the sentence which immediately follows it: "That a deed of conveyance warranting the premises to be free and clear of all liens and other standard warranties of a warranty deed", which, although it has no predicate, seems to me clearly to indicate that a deed was to be given later. It follows that Clara Aloyo is not the grantee of legal title to Plot 2B but merely a purchaser having an equitable interest therein under an agreement of sale and that her equity being later in time than that of the plaintiff is subordinate to his claim. The plaintiff is accordingly entitled to specific performance of his agreement of sale by the defendant, who, under the circumstances should, of course, return the payments which he has received from Clara Aloyo under the agreement of June 24, 1965.

A judgment will be entered directing the conveyance by the defendant A. G. Andrews of Plot 2B, Estate Concordia, Queens Quarter, St. Croix, to the plaintiff Hector Cintron, upon the payment by the plaintiff to the defendant on or before June 1, 1969 of the sum of $19,800, $15,000 thereof representing the three instalments of $5,000 each of the purchase price due on June 1, 1967, June 1, 1968 and June 1, 1969, respectively, and $4,800 thereof four years' interest upon $20,000, the unpaid balance of the purchase price, and upon execution and delivery by the plaintiff to the defendant at the same time of a mortgage of Plot 2B to secure the balance of the purchase price, amounting to $5,000, payable in one year with

interest thereon at the rate of 6% per annum. The judgment will dismiss the amended complaint as to Daphne M. Andrews. It will award costs to the plaintiff and a counsel fee of $2,500.00.