**ARTHUR BOGIN, Plaintiff**

v.

**ROBERT SMITH, Defendant**

Civil No. 531/1976

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

March 2, 1977

CHARLES CONSOLVO, ESQ., St. Thomas, V.I., *for plaintiff*
MARIA T. HODGE, ESQ., St. Thomas, V.I., *for defendant*
FEUERZEIG, *Judge*

## MEMORANDUM AND ORDER

Plaintiff Arthur Bogin has filed a Motion for Summary Judgment, which has been opposed by Defendant Robert Smith. Both sides having presented memoranda in support of their positions, this Court heard arguments on the motion on February 4, 1977.

██ Under the Federal Rules of Civil Procedure, 5 V.I.C. App. I Rule 56, summary judgment may not be granted when there are unresolved genuine issues of material fact. All doubts as to the existence of a genuine issue of a material fact must be resolved against the party moving for summary judgment. In this jurisdiction, the movant not only has the burden of demonstrating clearly the absence of any genuine issue of material fact, but courts are not to draw factual inferences in favor of the moving party. First Pennsylvania Banking and Trust Co. v. United States Insurance Co., 421 F.2d 959, 962 (3rd Cir. 1969).

### *Joinder of Co-Tenants*

██ The action is founded on a landlord-tenant relationship and initially, the defendant argued that his two co-tenants should be joined as indispensable parties pursuant to 5 V.I.C. App. I Rule 19. In view of their non-joinder, the defendant argues that summary judgment should be denied and the action dismissed. Compulsory joinder, however, is an exception to the general practice of giving a plaintiff the right to decide who shall be parties to a lawsuit. 7 C. Wright and A. Miller, Federal Practice and Procedure § 1602. The co-tenants would be subject to service under 5 V.I.C. § 4903(a)(5) and their joinder would not deprive the Court of subject matter jurisdiction. However, their absence does not preclude complete relief between the parties in this case, nor does it impede their ability to protect their interests and the defendant is not

subjected to a substantial risk of incurring an inconsistent liability. Co-tenants are jointly and severally liable for rental obligations. If the defendant is found liable, he is free to seek contribution from his co-tenants. Plaintiff's motion under Rule 56 will not be denied on the ground of non-joinder.

### Statute of Frauds

Defendant urges that the alleged lease agreement is unenforceable because it violates the statute of frauds. There are two applicable local statutes, 28 V.I.C. §§ 241 and 242, and they must be read together. Section 241 invalidates oral leases with terms exceeding one year with certain exceptions not applicable to this case. Section 242 voids leases "for a longer period than one year from the making thereof." Leases falling within the strictures of 28 V.I.C. § 242, however, are saved by "some note or memorandum . . . in writing . . . signed by the party to be charged . . ." Neither party contends that a lease agreement in excess of one year's duration existed between the parties.

 Defendant's affidavit is not clear as to whether the parties agreed in August of 1975 to a lease term expiring September 10, 1976, but he does admit that he "reached agreement with Mr. Bogin for the rental of the premises in early August of 1975." Plaintiff's affidavit, however, claims that the agreed-upon lease terms called for one year's rental. Although not specifically contradicted by defendant, there is enough ambiguity created by defendant's affidavit to leave this issue of fact somewhat in doubt. Defendant states, "we were not able to determine, at the time we agreed to rent the premises, precisely when our agreed tenancy would begin or be terminated." Plaintiff's September 7, 1975, letter and defendant's affidavit, when taken together, do establish that prior to September 10, 1975, an

agreement to lease plaintiff's premises at $500 per month was reached. However, the plaintiff's position that the lease term was one year requires the application of 28 V.I.C. § 242. Consequently, there must be a written lease, which the parties concede there is not, or there must be a sufficient memorandum signed by the defendant. The letters of September 7 and 11, 1975[1] and January 10, 1976[2] in this Court's opinion are sufficient memoranda to establish a lease agreement. Cintron v. Andrews, 7 V.I. 316 (D.V.I. 1969). What still is open, however, is the term of said lease. Quite frankly, the Court is tempted to resolve the issue in favor of plaintiff because of the failure of the defendant to deny an agreement for a one year lease. However, the defendant's affidavit as to the term of the lease, the reference in plaintiff's letter of September 7, 1975, to a formal lease, and defendant's affidavit stating "it was a stipulation of our agreement that the landlord would prepare a formal written lease," coupled with the Third Circuit's strong

---

[1] By letter dated September 7, 1975 plaintiff Bogin wrote defendant and Ms. Susan Beers and Brandon Jarrett. In pertinent part, he stated:

". . . this letter is to confirm our agreement that we made shen [sic] I saw you on St. John and will serve temporarily instead of a formal lease which will be drawn up shortly.

The terms of the lease cover a one year rental period, starting September 10, 1975, paying $500 per month on the tenth of every month. There will be a security of 500 dollars payable with the balance of the first month's rent; since you have already given us a deposit of $300, please send me a check for $700 on or before September 10.

The house you will be occupying is called 'The St. John Passion', and is to be occupied by Susan Beers, . . . Brandon Jarret, . . . and Robert Smith . . . The house is to be furnished substantially as is, and linens supplied by the tenants as agreed. All utilities are to be paid by the tenants."

By a handwritten letter dated September 11, 1975, defendant, in pertinent part, responded:

". . . We moved in this Tuesday evening and are quite thrilled with our new home. It is truly a wonderful place.

Please find enclosed the remainder of our first month's payment, rent and security payment totalling $700.00.

We are all moved in now and are quite comfortable in our new surroundings. We assure you that we will treat 'The St. John Passion' as if it was our home . . .

Sincerely, Bob"

[2] Plaintiff was advised by letter dated January 10, 1976, which was signed by defendant and his two co-tenants, that "due to unforeseen circumstances we have had to vacate . . ."

policy in opposition to granting summary judgments except in the clearest of cases, leads the Court to decline to find a one year lease agreement at this time.

As additional authority for enforcing the alleged one year lease agreement, even assuming the absence of a sufficient memorandum to satisfy the statute of frauds, plaintiff cites Henderson v. Resevic, 6 V.I. 195, 262 F.Supp. 36 (D.V.I. 1976) and the doctrine of part performance. Henderson denied invocation of the equitable doctrine of part performance on behalf of a tenant to enforce an oral lease. In spite of the landlord's insistence that no construction was to be commenced without a signed written lease and approved plans and specifications, the tenant in Henderson proceeded to construct a building on the landlord's premises. However, the Court would not permit the tenant to rely on the doctrine of part performance because the landlord had neither induced nor acquiesced in the tenant's construction of the building.

Arthur Bogin relies on dicta in Henderson concerning a party's detrimental reliance as sufficient part performance and argues that his own detrimental reliance sub judice consisted of foregoing "substantially higher short-term rental rates for the property." I do not believe Henderson goes that far. Henderson relied on Crossman v. Fountainbleau Hotel Corp., 273 F.2d 720 (5th Cir. 1959), which involved an expenditure of $50,000 on fixtures and improvements and a $5,000 deposit pursuant to an oral lease where the parties wished to expedite the opening of a shopping area during the height of the tourist season in Florida. No similar showing has been made in this case. However, my refusal to extend Henderson's discussion of part performance to the case at bar is not fatal to the Plaintiff's cause of action in view of the written memoranda that are present here.

■ Mutual agreement as to the description of the premises, an agreed rental, time and manner of payment, and definite terms are prerequisite to the creation of a valid lease. College of the Virgin Islands v. Vitex Mfg. Co. Ltd., 5 V.I. 34, 43 (Mun. Ct. 1965). The only matter the defendant can legitimately dispute in the face of the pleadings, affidavits and letters, is the term of the lease.

Also at issue is the question of damages, which also must await trial. Robert Smith's affidavit states that Arthur Bogin has received rent for the premises subsequent to defendant's vacating. The extent of plaintiff's mitigation of damages has not been established.

While the Court is not prepared to fully adjudicate this case on plaintiff's motion for summary judgment, it shall, in accordance with Rule 56(d), specify the facts that appear without substantial controversy:

(1) The defendant took possession of the dwelling located at 150-4A Estate Rendezvous and Ditleff, No. 15A, Cruz Bay Quarter, known as "St. John Passion," on or about September 10, 1975.

(2) Defendants commenced such occupancy pursuant to an oral agreement reached prior to September 10, 1975, with the plaintiff concerning the leasing of these premises.

(3) By the terms of this agreement, the defendant and two other individuals—Susan Beers and Brandon Jarrett—leased the premises at $500 per month, payable on the 10th of each month, with a security deposit of $500.

(4) The letter of September 11, 1975, was signed by the defendant, and was mailed to the plaintiff in response to Mr. Bogin's letter of September 7, 1975. In addition, the Court finds that the letter of January 10, 1976, was also signed by the Defendant.

(5) A valid lease existed between the parties.

(6) $500 was paid as a security deposit to the plaintiff, plus an additional $2,000, which was paid as rent.

(7) The tenants vacated the premises on or about January 10, 1976.

What remains for trial in this matter is a determination of the following issues:

(1) Was the pre-September 10, 1975, agreement requiring submission by plaintiff and approval by defendant of a written lease agreement crucial to the existence of a lease beyond the date on which defendant vacated the premises?

(2) Was such a written lease in fact submitted to the defendant?

(3) If a written lease was submitted, was it in material variance from the oral agreement?

(4) What was the term of the tenancy?

(5) If there was a lease beyond January 10, 1976, did the landlord mitigate his damages?

Upon the trial of this action, the facts specified above shall be deemed established.

IT IS SO ORDERED.