CLAUDIA P. LENHARDT, et al., Appellee

v.

DR. ARTHUR RICHARDS, et al., CLAUDIA P. LENHARDT, NORMA RICHARDS, and VIOLA A. JAMES, Appellants

No. 79-2764

United States Court of Appeals

Third Circuit

Argued April 24, 1980

Filed June 3, 1980

WILLIAM C. MURRAY, JR., and CHARLES R. HUSBANDS, Assistant Attorneys General, Christiansted, St. Croix, V.I., *for appellee*

MICHAEL STEWART MCLAURIN, Christiansted, St. Croix, V.I., *for appellants*

ADAMS, MARIS, and SLOVITER, *Circuit Judges*

## OPINION OF THE COURT

PER CURIAM:

This is an appeal from the denial of a petition to compel the President of the College of the Virgin Islands, or any other relevant official, to perform an alleged duty to allow each of the three plaintiffs to graduate from the College as of June 3, 1979. Although no federal cause of action was specifically set forth in the complaint, plaintiffs argue on appeal that the trial judge erred in not addressing their theory that withholding graduation and a degree violated constitutional rights of substantive due process and equal protection, as well as in dismissing their contract theory on the basis of certain findings of fact as to their status as students.

Plaintiffs Claudia Lenhardt, Norma Richards, and Viola James were, at the time of trial in the district court, part-time students at the College of the Virgin Islands. All three enrolled in the Teacher Training Program in the spring semester of 1971. Richards applied for matriculation in a degree program in August 1972, James

applied in March 1973 and Lenhardt applied in May 1973. Because they did not then meet all requirements for matriculation, their applications were not approved until 1975.

In October 1973, the faculty adopted a requirement that all students, beginning with the 1973–74 freshman class, pass an English Proficiency Examination (E.P.E.) prior to graduation. Following a lawsuit challenging this requirement in Yarwood v. College of Virgin Islands, Civ. No. 1975/431 (D.V.I. June 5, 1975), the College rephrased the requirement to apply to all students who enrolled at the College as matriculated students during or after the Fall 1973 semester. The plaintiffs were prohibited from graduating in the Spring of 1979 because they did not take and pass the E.P.E. They argued that they were matriculated students prior to the Fall 1973 semester, and therefore were not required to take and pass the E.P.E. as a prerequisite to graduation. After the College refused any administrative remedy, the plaintiffs filed the present suit seeking an order directing that their names be placed on the list of graduating students and that each of them be permitted to participate in graduation exercises. Following a bench trial, the district court entered judgment for the College's officials.

On this appeal the students challenge three findings of fact made by the trial jduge, as well as his asserted failure to address their due process and equal protection claims. The findings of fact claimed to be clearly erroneous and requiring reversal are the following:[1]

> (1) The Teacher Training Program in which the appellants were enrolled is not operated by the College but by the Department of Education.
>
> (2) None of the appellants had presented their high school records to the College.
>
> (3) All the appellants were enrolled as non-matriculated students at the time the E.P.E. requirement for graduation was added.

The legal impact of the first asserted error is unclear and unexplained in the appellants' brief. Error as to the last two findings would indicate that, as in Yarwood, the College's E.P.E. requirement did not apply to these students. We need not explore the effect that any of the claimed errors would have, however, since

---

[1] Because no opinion was written by the trial judge, we are uncertain how these findings fit into the ultimate conclusions. The findings apparently were part of an oral opinion after argument in this case, but the transcript was not included in the appendix on appeal.

we are not persuaded that any of the court's findings of fact is clearly erroneous. The second alleged error is the court's failure to address claims based on the due process and equal protection clauses of the Fourteenth Amendment.[2] The theory, advanced by the students, insofar as we are able to construct it, is that their right to equal protection was violated because the College let another similarly situated student graduate. This same charge of disparate treatment is also said to give rise to a claim that substantive due process rights were violated.[3]

We discern no equal protection or substantive due process violations on the record in this case. The unrebutted testimony of the College Registrar was that one undeserving student was mistakenly allowed to matriculate before the new rule came into effect, and that the College thought that its approval of the matriculation of that particular student, even if mistaken, created a contractual right of the student to graduate.

Appellants do not contend that the disparate treatment alleged was based on any suspect classification and point to no evidence that the College's action was anything but a mistake. We therefore do not find any fundamental right to have been implicated. See Mahavongsanan v. Hall, 529 F.2d 448 (5th Cir. 1976).

The judgment of the district court will accordingly be affirmed.

---

[2] No federal cause of action was specifically pleaded, but the defendants do not seem to have objected to this theory being raised at trial.

[3] Appellants do not, and could not properly, contend that they had no notice of the graduation requirement or opportunity to take the examination. Thus no procedural due process claim is asserted.