**CAROL SYLVESTER, Appellant**

**v.**

**FRYDENHOJ ESTATES CORPORATION, Appellee**

D.C. App. No. 2003-89

District Court of the Virgin Islands

Division of St. Thomas and St. John

June 8, 2006

CAROL SYLVESTER, St. Thomas, U.S.V.I., *Pro se.*

MICHAEL DUNSTON, ESQ., St. Thomas, U.S.V.I., *for Appellee.*

FINCH, *Chief Judge, District Court of the Virgin Islands*; GOMEZ, *Judge of the District Court of the Virgin Islands*;[1] and CABRET, *Presiding Judge of the Superior Court of the Virgin Islands, Sitting by Designation.*

## MEMORANDUM OPINION

(June 8, 2006)

This case is an appeal from a two-day bench trial which determined that the appellee, Frydenhoj Estates Corporation ["FEC"] was entitled to an easement across the property of the appellant, Carol Sylvester ["Sylvester"].

## I. FACTUAL BACKGROUND

On January 17, 1992, FEC, acting through its President, Dale Michael, entered into a contract with Sylvester for the sale of parcel no. 37-10 Estate Frydenhoj, No. 3 Red Hook Quarter, for $36,000. [Appellee's App. 8-9.] This parcel of land was one of several lots sold by FEC from a larger tract of land. [*Id.*] Sylvester made a down payment of $3,500 dollars and agreed to pay the balance of the contract, $32,5000, together

---

[1] The Honorable Judge Curtis V. Gomez recused himself from this matter before argument was heard.

with interest at 11.5% per annum, in one hundred twenty equal monthly installments. [Appellee's App. 9, 376-378; Appellant's App. Ex. 4.]

Between January, 1992 and March, 1995 Sylvester made only sporadic payments, most for far less than the monthly amount specified in the contract. [Appellee's App. 9-10.] By March, 1995 Sylvester had repaid $9,015 of the contract price for her parcel of land. [*Id.* at 222.] This amount did not cover the interest accrued on the loan or any of the principal. As of March 3, 1995 Sylvester owed FEC $34,274.21.

In late 1994, Sylvester and other persons who had purchased lots in Estate Frydenhoj from FEC hired Attorney Karl Percell to obtain bank financing to help them pay off their mortgages. [*Id.* at 14.] During that same period, FEC became interested in purchasing a large parcel of land in the vicinity of the lot that it had previously sold to Sylvester and to two others. [*Id.*] FEC recognized, however, that in order to have ready access to the new lot, it would be beneficial to have an easement over three parcels of land, including Sylvester's parcel. [*Id.* at 14, 16.]

In order to obtain easements through the lots adjacent to the one it sought to buy, FEC proposed to reduce the balance on Sylvester's mortgage, and the mortgages of two other land owners, in return for easements through their lands. The two other landowners subsequently entered into agreements with FEC and granted FEC easements in return for reduced purchase prices for their lots.

Attorney Percell, acting on behalf of Sylvester, ultimately negotiated with FEC to reduce the balance of Sylvester's mortgage by approximately $7,000, and to cover $274.21 in closing costs. [Appellant's App. Ex. 25.] On January 27, 1995 FEC wrote to Attorney Percell outlining the proposed agreement to reduce Sylvester's mortgage in return for an easement across Sylvester's property. *Fredenhoj Estate Corp. v. Sylvester,* Civil No. 546/1998, at *8 (Terr. Ct. April 15, 2003). On March 3, 1995, Sylvester closed on her new mortgage with the bank. [Appellant's App. Ex. 7.] The closing statements with the Bank of Nova Scotia ["Scotiabank"] indicate that her mortgage was reduced to $27,000, down from the approximately $35,000 she previously had owed FEC. [*Id.* and Appellee's App. 47, 54, 179.]

After the closing, Sylvester fired Attorney Percell and refused to grant FEC its desired easement. In 1998, FEC brought suit against Sylvester, seeking specific performance, damages, and an order compelling Sylvester to grant FEC an easement. In a written opinion issued April 15,

2003 following a bench trial, the Superior Court[2] found that "the reduction in the sale price was in consideration of [FEC] receiving an easement through [Sylvester's] property." [Appellant's App. Ex. 1.] Accordingly, it held that there was an enforceable oral contract for the easement over Sylvester's land, which Sylvester breached by failing to provide FEC with the easement. In order to "prevent an injustice," the Superior Court awarded FEC an easement over Sylvester's property. [*Id.*] Sylvester timely appealed this decision.

## II. JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to review final judgments and orders of the Superior Court of the Virgin Islands. *See* The Omnibus Justice Act of 2005, Act No. 6730, § 54 (amending Act No. 6687 (2004) which repealed 4 V.I.C. §§ 33-40, and reinstating appellate jurisdiction in this Court);[3] Revised Organic Act of 1954 § 23A; 48 U.S.C. § 1613a. The standard of review for the trial court's conclusions of law is plenary. *Saludes v. Ramos*, 744 F.2d 992 (3d Cir. 1984). Findings of fact made by the Superior Court are not to be disturbed on appeal unless they are clearly erroneous. *Lenhardt v. Richards*, 17 V.I. 619 (3d Cir. 1980); *T-Shirt World, Inc. v. Artland, Inc.*, 20 V.I. 147 (D.V.I. 1983). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948).

Sylvester argues that the Superior Court erroneously found that she and FEC entered into an oral contract. She argues that the alleged oral agreement for an easement is not enforceable because it was not memorialized in writing, as required by the statute of frauds.[4] While FEC

---

[2] At all times relevant to this appeal, the trial court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, we employ the terms Superior Court and Superior Court Judge.

[3] Our jurisdiction in this regard was previously provided under title 4, section 33 of the Virgin Islands Code, Ann.

[4] The RESTATEMENT (SECOND) OF CONTRACTS § 125 (1981), which provides the rules of decision where Virgin Islands law is silent, V.I. CODE ANN. tit. 1, § 4, provides that:

acknowledges that no written agreement memorializes Sylvester's granting it an easement, it urges that Sylvester's part performance of the contract justifies enforcing the oral agreement.

## III. ANALYSIS

■ Ordinarily, contracts for the sale of lands or interests in lands, including easements, are void unless the contract is in writing pursuant to the statute of frauds. See V.I. CODE ANN. tit. 28 §§ 241(a)(2), 242, 244.[5] However, the doctrine of part performance allows a party to avoid the consequences of a statute of frauds defense. *DeCastro v. Stuart*, 45 V.I. 591, 601, n.6 (D.V.I. App. Div. 2004); *Fountain Valley Corp. v. Patrick Wells*, 98 F.R.D. 679, 683-4, 19 V.I. 607 (D.V.I. 1983).

■ The doctrine of part performance operates to "prevent an inequity to a person who is induced or by acquiescence permitted to rely upon an oral agreement which agreement would normally be voided by the Statute of Frauds." *Henderson v. Resevic*, 262 F. Supp. 36, 39, 6 V.I. 196 (D.V.I. 1967). Under the doctrine, if parties can show that part of an oral contract was performed, then the oral contract is taken out of the statute of frauds and becomes binding. *See Island Block Corp. v. Jefferson Constr. Overseas, Inc.*, 349 F.2d 322, 325-26, 5 V.I. 243 (3d Cir. 1965) (noting that part performance, by delivery of a substantial amount of

---

(1) A promise to transfer to any person any interest in land is within the Statute of Frauds.

(2) A promise to buy any interest in land is within the Statute of Frauds, irrespective of the person to whom the transfer is to be made.

RESTATEMENT (SECOND) OF CONTRACTS § 125.

[5] 28 V.I.C. § 241 provides, in full:

(a) Except for a lease for a term not exceeding one year, no estate or interest in real property, and no trust or power over or concerning real property, or in any manner relating thereto, can be created, granted, assigned, transferred, surrendered, or declared, otherwise than—

(1) by operation of law; or

(2) by a deed of conveyance or other instrument in writing, signed by the person creating, granting, assigning, transferring, surrendering, or declaring the same, or by his lawful agent under written authority, and executed with such formalities as are required by law.

(b) This section does not—

(1) affect the power of a testator in the disposition of his real property by will; or

(2) prevent a trust from arising or being extinguished by implication or operation of law.

contracted-for materials, took the oral contract out of the statute of frauds).

 Courts apply the doctrine of part performance in order "to prevent perjury and fraud, and to prevent parties from escaping their legal obligations." *Stelwagon Mfg. Co. v. Tarmac Roofing Sys.*, 63 F.3d 1267, 1276 (3d Cir. 1995) (citing *Simplex Precast Indus., Inc. v. Biehl*, 395 Pa. 105, 149 A.2d 121, 123 (1959) and *M. Leff Radio Parts, Inc. v. Mattel, Inc.*, 706 F. Supp. 387, 394 (E.D. Pa. 1988)). A court may grant specific performance of a contract pursuant to the partial performance doctrine, when "the party seeking enforcement, in reasonable reliance on the contract and on the continuing assent of the party against whom enforcement is sought, has so changed his position that injustice can be avoided only by specific performance." RESTATEMENT (SECOND) OF CONTRACTS § 129.

 To enforce a verbal agreement on the grounds of part performance, the moving party must establish three things. First, it must show clear evidence of the subject matter of the oral agreement between the parties. *Henderson*, 262 F. Supp. at 39. Second, the moving party must establish that after the oral agreement, the party seeking to avoid the contract acted in a manner amounting to a representation that she proposed to honor the oral agreement and not avail herself of the statute of frauds to escape its performance. *Id.* (citing 73 AM. JUR. 2D *Statute of Frauds* § 405 (1974)). Finally, the moving party must show that it relied on the other party's representation, either in performance or pursuance of the contract, so that it would incur an "unjust and unconscientious injury and loss" if the avoiding party is allowed to rely on a statute of frauds defense. *In re Estate of Felix Pitterson*, 40 V.I. 13, 17 (Terr. Ct. 1998).

Under the part performance test, FEC must first show clear evidence that the oral agreement was for an easement. Here, Attorney Percell, acting as Sylvester's representative, discussed FEC's proposed easement during negotiations in late 1994 and early 1995. Pursuant to these discussions, FEC was to reduce the purchase price for Sylvester's land in return for Sylvester granting FEC its desired easement. Sylvester was aware that FEC made similar agreements to reduce the purchase price for land in exchange for easements with two of her neighboring landowners. These owners subsequently granted FEC easements through their property. Additionally, following the negotiations, Percell received a letter from FEC's attorney describing the proposed agreement. That

725

description indicated that the parties understood that FEC would reduce the balance of Sylvester's debt to FEC in return for Sylvester granting FEC an easement over the land. Given these facts, the Superior Court did not err in finding that both parties understood that the oral agreement involved Sylvester granting FEC an easement across her land. *See Henderson*, 262 F. Supp. at 39 (requiring evidence of the subject matter of an oral agreement before granting a specific performance based on part performance).

The second prong of the part performance test requires that FEC show that Sylvester's acts and conduct after the alleged oral agreement constituted a representation that she proposed to honor the agreement. *Pitterson*, 40 V.I. at 18. The agreement here was negotiated between December, 1994 and January, 1995. Sylvester closed on her new, reduced mortgage on March 3, 1995. At no time between the January, 1995 agreement that was described in Percell's January 27, 1995 letter to FEC and the March 3 closing did Sylvester act in any way that suggested she did not intend to honor the agreement. Indeed, Sylvester accepted the reduced mortgage from FEC before repudiating the agreement and refusing to grant FEC an easement through her land. The evidence thus shows that Sylvester's acts and conduct subsequent to the alleged agreement indicated that she intended to honor the earlier agreement, and not take advantage of the statute of frauds.

Finally, FEC must demonstrate that it relied on Sylvester's representations of her intent to perform on the oral contract, and that FEC would incur "unjust and unconscionable injury" if Sylvester were allowed to rely on the statute of frauds. *V.I. Distr., Inc. v. Durkee Foods,* 19 V.I. 85, 92 (D.V.I. 1982) (noting that the doctrine of part performance acts to "prevent an inequity to a party when that party has relied on ... an oral agreement which normally would be voided by the Statute of Frauds"). Prior the closing, FEC had agreed to reduce Sylvester's mortgage to $26,985, approximately $5,500 less than the original contract price. At the closing, FEC reduced Sylvester's outstanding mortgage on her property, and Sylvester accepted the reduction. By receiving her land and a new mortgage, Sylvester benefitted from the agreement. No concomitant benefit accrued to FEC, which effectively lost money on Sylvester's original mortgage. The Superior Court did not err in determining that FEC relied upon Sylvester's representations to its

detriment, and that FEC would sustain an "unjust and unconscionable injury" if Sylvester were allowed to rely on the statute of frauds.

■ The part performance of the contract by the parties takes the oral agreement for the easement out of the statute of frauds, and establishes it as a valid contract. *See Island Block Corp.*, 349 F.2d at 325-26. Sylvester breached this contract by refusing to grant FEC its desired easement. The only way to "avoid the injustice" to FEC created by Sylvester's acts is by ordering Sylvester to grant FEC the easement, as the trial court did. *See Stelwagon Mfg. Co.*, 63 F.3d at 1276 (holding that specific performance may be granted to avoid injustice to a party to an oral agreement).

## IV. CONCLUSION

Accordingly, for the reasons stated above, this Court affirms the ruling of the trial court.