**RITA ADAMS and LEROY ADAMS, Appellants**
**v.**
**JENNIFER KNIGHT, Appellee**

D.C. Civil App. No. 2006-167

District Court of the Virgin Islands

St. Thomas and St. John Division

June 26, 2009

KATHLEEN MACKAY, ESQ., St. Thomas, USVI, *For the appellants.*

JENNIFER KNIGHT, St. Thomas, USVI, *Pro se appellee.*

GÓMEZ, *Chief Judge of the District Court of the Virgin Islands*; FINCH, *Judge of the District Court of the Virgin Islands*; and STEELE, *Judge of the Superior Court of the Virgin Islands, Division of St. Croix, sitting by designation.*

### MEMORANDUM OPINION

(June 26, 2009)

Rita Adams and Leroy Adams (together, the "Adams") appeal from an August 24, 2006, order of the Superior Court of the Virgin Islands,

Division of St. Thomas and St. John,[1] granting summary judgment in favor of the appellee, Jennifer Knight ("Knight") on her complaint against the Adams. For the reasons stated below, the Court will affirm the August 24, 2006, order.

## I. FACTS

In 1979, the Adams entered into a contract with Triple F Development, Incorporated ("Triple F") for the purchase of real property described as Parcel No. 173B-7 Estate Anna's Retreat, St. Thomas, U.S. Virgin Islands (the "Property"). The contract provided that the purchase price would be paid in installments over a period of ten years.

In 1986, Scott Barber, Jarrel Jackson, and Joseph Registe (collectively, the "*Barber I* Plaintiffs") commenced a breach of contract action against Triple F, F & J Enterprises, Incorporated, and William A. Farrington in the Superior Court, which was captioned as *Barber v. Triple F Development, Inc.*, Super. Ct. Civil No. 878/1986 ("*Barber I*"). On August 10, 1989, the Superior Court entered a default judgment for the amount of $94,8000, against Triple F (the "*Barber I* judgment").

Triple F subsequently conveyed all of its real property to Caribbean Realty & Investment Corporation ("Caribbean") and Asforit, Incorporated ("Asforit"). On March 10, 1990, Caribbean gave the Adams a warranty deed for the Property. On August 22, 1990, the *Barber I* judgment was recorded with the Recorder of Deeds for the District of St. Thomas and St. John (the "Recorder") against the Property.

On March 12, 1991, Scott Barber and Joseph Registe commenced an action against Caribbean and Asforit in the District Court of the Virgin Islands, captioned as *Barber v. Caribbean Realty, et al.*, Civil No. 1991-58 ("*Barber II*"). That action sought to set aside the conveyances of real property from Triple F to Caribbean and Asforit as fraudulent. The District Court subsequently entered a judgment in favor of the plaintiffs in *Barber II*.

On January 2, 1996, a writ of execution was recorded with the Recorder against the Property, for satisfaction of the *Barber I* judgment.

---

[1]    Prior to 2005, the trial court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. See Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, we employ the terms Superior Court and Superior Court Judge.

On March 6, 1996, the Adams recorded their deed to the Property. On March 13, 1996, a Marshal's sale of the Property was conducted to satisfy the *Barber I* judgment. Knight purchased the Property at the Marshal's sale. On March 18, 1997, the Superior Court entered an order confirming the Marshal's sale of the Property to Knight. On April 29, 1997, the order confirming the Marshal's sale was recorded.

Knight subsequently moved the Superior Court in *Barber I* to vacate the Marshal's sale. In an order dated January 28, 1999, the Superior Court granted Knight's request and vacated the Marshal's sale. Thereafter, the *Barber I* Plaintiffs moved to amend the January 28, 1999, order. On February 17, 1999, the Superior Court entered an order staying the January 28, 1999, order and scheduling a hearing on the matter for March 2, 1999.

On March 5, 1999, the Superior Court amended the January 28, 1999, order in *Barber I*. The *Barber I* court found that, prior to the transfer of title from Caribbean Realty to the Adams, the *Barber I* judgment and the writ of execution on the *Barber I* judgment were duly recorded against the Property. The *Barber I* court also found that the statutory redemption period on the Property expired without redemption by the Adams', and that "once the aforesaid redemption period expired, the interest[] of . . . Mrs. Knight to Parcel No. 173B-7 Estate Anna's Retreat, became absolute . . . ." (Am. Order 4, March 5, 1999.) Finally, the court declared that "Ms. Jennifer Knight owns Parcel 173B-7 Estate Anna's Retreat in fee simple absolute." (*Id.*)

On November 20, 2003, the Adams commenced a declaratory judgment action against Jennifer Knight in the Superior Court, captioned *Adams v. Knight*, Super. Ct. Civil No. 575/2003 ("*Adams*"). The complaint stated that, in 1989, the Adams satisfied their debt to Triple F under the 1979 installment contract. The Adams alleged that they possessed an equitable interest in the Property since 1979, when they started making payments on the Property. They further alleged that "their pre-existing interest prevail over Defendant's interests" in the Property. (Compl. 5, ¶ 30, Nov. 20, 2003.) In the Adams' view, "Knight is not a bona fide purchaser since she had constructive and/or actual notice of Plaintiffs' equitable interest in the subject property." (*Id.* at 30.) The complaint sought a declaration that the Adams are "the lawful owners of the subject property, entitled to the quiet and peaceful possession of the subject property." (*Id.* at 6, ¶ 1.) It also requested a "judgment declaring

the conveyance to Defendant Jennifer Knight and the Amended Order of March 5, 1999, as void and canceled of record," and that Knight has "no estate, right, title, lien or interest in or to said property or any part thereof . . . ." (*Id.* at 6, ¶¶ 2-3.) Knight moved for summary judgment against the Adams, arguing that she was the bona fide purchaser of the Property, and that the Adams have no legal interest in the Property.

On August 24, 2006, the Superior Court entered a memorandum opinion and order granting Knight's summary judgment motion and denying the Adams' cross-motion for summary judgment. In the memorandum opinion, the *Adams* court cited the findings of fact and conclusions of law from the *Barber I* court's March 5, 1999, amended order. The *Adams* court stated that it found "no legal basis to disturb the decision of the [*Barber I* court] and therefore adopt[ed] its findings, conclusions, and holdings" in the March 5, 1999, amended order insofar as they pertain to the *Adams* parties. (Mem. Op. 10, Super. Ct. Civil No. 575/2003, Aug. 24, 2006.) The Adams timely appealed from the Superior Court's August 24, 2006, summary judgment order.

## II. JURISDICTION & STANDARD OF REVIEW

This Court has jurisdiction to review final judgments and orders of the Superior Court of the Virgin Islands, including orders granting or denying petitions for admission to the Virgin Islands Bar. See Revised Organic Act of 1954 23A, 48 U.S.C. § 1613a; Act No. 6730 § 54(d)(1) (Omnibus Justice Act of 2005).

"The trial court's grant of summary judgment is afforded plenary review." *Wing-It Delivery Servs. v. V.I. Cmty. Bank,* 47 V.I. 506, 509 (D.V.I. App. Div. 2005). We will affirm the grant of summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and that Knight is "entitled to judgment as a matter of law." FED. R. CIV. P. 56 (c); *see also Disabled in Action of Pa. v. Southeastern Pa. Transp. Auth.,* 539 F.3d 199, 207 (3d Cir. 2008). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A fact is material if its determination would affect the outcome of the case. *See Armbruster v. Unisys Corp.,* 32 F.3d 768, 777 (3d Cir. 1994). In making this determination, we "view the facts in the light most favorable" to the

Adams and "draw all inferences" in the Adams' favor. *See Disabled in Action of Pa.,* 539 F.3d at 207-08.

Where the trial court's determination was based on its application of legal precepts or interpretation of a statute, such determination is subject to *de novo* review. *See Saludes v. Ramos,* 744 F.2d 992 (3d Cir. 1984); *Mapes Monde, Ltd. v. A.H. Riise Gift Shop, Inc.,* 337 F. Supp. 2d 704, 707, 46 V.I. 297 (D.V.I. App. Div. 2004). Findings of fact made by the Superior Court are not to be disturbed unless they are clearly erroneous. *Lenhart v. Richards,* 17 V.I. 619 (3d Cir. 1980); *T-Shirt World, Inc. v. Artland, Inc.,* 20 V.I. 147 (D.V.I. 1983).

## III. ANALYSIS

The Adams argue that the Superior Court erred when it granted Knight's summary judgment motion and denied the Adams' cross-motion for summary judgment. The Court disagrees.

Title 5, section 425 of the Virgin Islands Code ("Section 425") states:

> A conveyance of real property or any portion thereof or interest therein shall be subject to the lien of a judgment unless such conveyance has been recorded at the time of docketing the transcript of such judgment.

V.I. CODE ANN. tit. 5, § 425 (1986).

█ A review of the record in this matter reveals that the material facts in this case have never been in dispute.[2] The parties agree that the *Barber I* judgment and the writ of execution on the *Barber I* judgment, had both been recorded in the chain of title to the Property before the Adams' deed to the Property was recorded. They further agree that execution of the *Barber I* judgment resulted in the Marshal's sale of the Property to Knight, after which the Adams failed to redeem the Property within the statutory period for redemption. Thus, the conveyance of the Property to the Adams was necessarily subject to the lien created by the *Barber I*

---

[2] The facts contained in this paragraph were admitted by the Adams in their complaint against Knight and in their statement of undisputed facts in filed in connection with their summary judgment motion. Indeed, in their opposition to Knight's summary judgment motion, the Adams stated that they "agree that there are no genuine issues of material fact in the instant case." (Opp'n to Summary Judgment Mot. 3, Nov. 23, 2005.)

judgment and the resultant sale of the Property to Knight.[3] *See* 5 V.I.C. § 425(c). The undisputed facts[4] in the record show that Knight's interest in the Property is superior to that of the Adams. *See, e.g., Modeste v. Benjamin, et al.,* 18 V.I. 619, 622 (D.V.I. 1981) (holding that, pursuant to Section 425(c), the plaintiffs judgment lien took priority over the defendant's quit claim deed to the same property because the judgment lien has been recorded approximately two weeks prior to the recording of the quit claim deed).

Accordingly, Knight is entitled to judgment as a matter of law on the Adams' claims declaratory judgment action.

## IV. CONCLUSION

Based on the foregoing, the Court will affirm the Superior Court's grant of summary judgment in favor of Knight.[5] An appropriate Order follows.

---

[3] The Adams claim that because they held an unrecorded equitable interest in the Property before the *Barber I* judgment was recorded, that judgment could not attach as a lien against the Property. The Court rejects that argument as counter to the plain language of Section 425.

[4] The Adams attempt to argue that their interest in the Property trumps Knight's interest because their deed was recorded prior to the Marshal's sale, so Knight had constructive notice of the Adams interest when she purchased the Property. That argument is clearly foreclosed by the fact that the Adams took the Property subject to the *Barber I* judgment, the execution of which resulted and the Marshal's sale of the Property to Knight.

[5] The Court notes that, in granting summary judgment in favor of Knight, the Superior Court adopted the factual findings and legal conclusions contained in the *Barber I* court's March 5, 1999, amended order. On appeal, the Adams argue that it was inappropriate for the Superior Court to do so because: (1) the Adams were not parties to the *Barber I* case and received insufficient notice of the *Barber I* proceedings to be bound by those proceedings; and (2) the court failed to make its own independent findings of fact and conclusions of law in support of its judgment. However, this Court need not address those arguments because it has conducted a *de novo* review of the record and determined that Knight is entitled to summary judgment based on the undisputed facts therein. *See Elsmere Park Club, L.P. v. Town of Elsmere,* 542 F.3d 412, 416 (3d Cir. 2008) (explaining that an appellate court "may affirm the [trial court's] judgment on any grounds supported by the record.") (publication forthcoming).